366 So.2d 423 (1978)
Richard D. FISKE, Appellant,
v.
STATE of Florida, Appellee.
No. 50796.
Supreme Court of Florida.
December 21, 1978.
Peter L. Nimkoff and Rosemary J. Michael of August, Nimkoff & Pohlig, Miami, and John W. Emerson of Treadwell, Emerson & Elkins, Naples, Florida, for appellant.
Robert L. Shevin, Atty. Gen. and Richard G. Pippinger, Asst. Atty. Gen., Tampa, for appellee.
BOYD, Justice.
This is a direct appeal from a felony conviction in Collier County Circuit Court. The court directly passed on the validity of *424 a state statute's application. We have jurisdiction. Article V, Section 3(b)(1), Florida Constitution.
Richard Fiske, appellant, was arrested as he emerged from a field in Collier County. Found near him was a bag of wild mushrooms. The mushrooms were taken into the custody of the Collier County Sheriff's Department. After tests, a chemist concluded that they contained psilocybin, a substance controlled by the Florida Comprehensive Drug Abuse Prevention and Control Act, Chapter 893, Florida Statutes. Appellant was tried by jury for possession of the psilocybin, a felony of the third degree, and found guilty. Adjudication of guilt was withheld and he was placed on probation.
Appellant raises a number of issues, both constitutional and related to errors in his trial. We address only one, raised by him initially in a pre-trial motion, because it is dispositive of the appeal. The issue is whether his conviction under the present statute violates the Due Process Clauses of the federal or Florida Constitutions. We hold that it does.
Section 893.03, Florida Statutes (1975), gives the standards and schedules of substances controlled by the Drug Abuse Act. Subsection (1) is denominated Schedule I. The subsection recites that substances listed in Schedule I have high potential for abuse and no currently accepted medical use in the United States. Section 893.03(1)(c)(15), part of Schedule I, controls any material which contains a quantity of the hallucinogenic substance "psilocybin." Section 893.13(1)(a)(2) makes possession of psilocybin a felony of the third degree. The statute makes no mention of psilocybic mushrooms or, for that matter, of any other psilocybic organic form that grows wild. If the statute were to specify that psilocybin was contained in certain identifiable mushrooms and were to name those mushrooms, thereby apprising a prospective defendant that possession of those mushrooms is unlawful, it would not be unconstitutional as applied. The statute as presently framed, however, gives no information as to what plants may contain psilocybin in its natural state. More particularly, the statute does not advise a person of ordinary and common intelligence that this substance is contained in a particular variety of mushroom. The statute, therefore, may not be applied constitutionally to appellant. It does not give fair warning that possession of the mushrooms possessed by appellant is a crime. See Bouie v. Columbia, 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964); State v. Winters, 346 So.2d 991 (Fla. 1977).
There is no vagueness problem with the statute on its face. It explicitly controls any material which contains psilocybin and makes possession of the material a felony. In capsule, pill or similar form the statute may be applied constitutionally for people will be wary of the criminal liabilities of possession of nonprescribed drugs in their common medicinal forms and will not ordinarily possess them innocently or without knowing of their content.
The state points to evidence of scienter in the record. The statement made by appellant when confronted by law enforcement agents is ambiguous and susceptible of innocent explanation as well as being indicative of criminal knowledge. Ambiguities in criminal proceedings are resolved in favor of the accused.
The statute is held to have been applied unconstitutionally in this case. Appellant's conviction is reversed.
It is so ordered.
ADKINS, HATCHETT and ALDERMAN, JJ., concur.
ENGLAND, C.J., and OVERTON and SUNDBERG, JJ., dissent.