THE STATE OF OHIO, APPELLEE, *v.*
WOHLEVER, APPELLANT.

(No. 3814—Decided June 5, 1985.)

*Gregory A. White,* prosecuting attorney, for appellee.

*Elio P. Zerbini,* for appellant.

GEORGE, P.J. Defendant-appellant, Johna Wohlever, was indicted for aggravated trafficking in drugs under R.C. 2925.03(A). The amended indictment read that the defendant knowingly sold or offered to sell a controlled substance, to wit: "Psilocybe Mushrooms, a Schedule I controlled substance in an amount less than bulk amount as defined in R.C. 2925.01, in violation of R.C. 2925.03(A)(1), a felony of the third degree."

A jury trial was had and the defendant was found guilty and sentenced. Defendant raises a single assignment of error:

"The court erred as a matter of law in failing to grant the defendant's motion for acquittal at the conclusion of the state's case and again after the return of the verdict."

This court has no record of the trial court's proceedings before it, but none is necessary since defendant's sole contention is that the indictment was defective on its face. Defendant argues that Psilocybe mushrooms are not one of the controlled substances listed in Schedule I of R.C. 3719.41; hence, an essential element in the crime of drug trafficking is missing from the indictment.

Every element of a crime must be alleged in order for the indictment to charge a criminal offense. *Harris* v. *State* (1932), 125 Ohio St. 257. A judgment of conviction based on an indictment which does not charge an offense is void for lack of subject matter jurisdiction. *State* v. *Cimpritz* (1953), 158 Ohio St. 490 [49 O.O. 418].

In claiming the indictment here is defective, defendant relies upon a rule laid down by the Supreme Court that the indictment must include the type of controlled substance. *State* v. *Headley* (1983), 6 Ohio St. 3d 475, 479. In *Headley,* defendant's indictment on a charge of aggravated trafficking referred simply to "controlled substances" and the court found error in the state's failure to name the type of controlled substances involved. In the present case, the indictment alleges defendant sold or offered for sale "Psilocybe Mushrooms, a Schedule I controlled substance." But Psilocybe mushrooms are not among the substances listed in R.C. 3719.41 and possession of Psilocybe mushrooms is nowhere proscribed. Further, the state does not dispute that there are species of Psilocybe mushrooms which contain no hallucinogens. Psilocybin and psilocyn are controlled substances listed under Schedule I(C), hallucinogens, in R.C. 3719.41. But the indictment here not only does not mention these specific substances, it does not name the type of substance—hallucinogens.

The state argues that analysis of the mushrooms showed they contained both psilocybin and psilocyn. Although such evidence may have been presented, it is immaterial. The indictment does not include that information. The legislature

has clearly detailed substances which are controlled and Psilocybe mushrooms are not among them. The scientific report defendant cites in support of her argument is not in the record, but surely a court can take note of what the scientific community knows—that Psilocybe mushrooms are a genus of mushrooms that includes both hallucinogenic and non-hallucinogenic species. The sale of non-hallucinogenic mushrooms is not illegal. Thus, an indictment that does not specify a mushroom that is of a hallucinogenic type does not charge a crime.

A criminal charge based solely upon the selling of Psilocybe mushrooms, without describing their prohibited nature or even their classification as a hallucinogen, results in a description which is fatally defective. Defendant is entitled to be apprised of the essential facts constituting the offense for which she is called upon to defend. Since neither the particular controlled substance nor the type (hallucinogen) of substance she is accused of selling is named, the indictment did not include all the essential elements and thus did not state a crime.

In view of the foregoing, the defendant's motion to dismiss the indictment should have been granted. The defendant's judgment of conviction is reversed.

*Judgment reversed.*

QUILLIN, J., concurs.

BAIRD, J. dissents.

BAIRD J., dissenting. The error specified by the defendant is that the trial court failed to grant motions for acquittal at the conclusion of the state's case, and again after the return of the verdict. Since she has not supplied a transcript of the trial proceedings, however, she is unable to demonstrate the error which she claims occurred at the conclusion of the state's case. As to the motion made after the verdict was returned, Crim. R. 29(C) requires that such a motion be made within fourteen days, or such further time as the court may fix within the fourteen-day period. Here, the verdict was returned on December 11, 1984, and a notice of appeal to this court was filed December 31, 1984. Since the motion was not filed until January 3, 1985, and there is nothing in the record to indicate that the court fixed any further time beyond the fourteen-day period, the motion was properly overruled.

Second, notwithstanding any defects in the time or manner of the attack upon this indictment, I would not be prepared to say that it is fatally defective. In *State* v. *Headley* (1983), 6 Ohio St. 3d 475, an indictment was held to be fatally defective where it purported to charge a violation of R.C. 2925.03, but neglected to specify the type of drug involved. The court held this omission fatal to the indictment because the type of drug alleged determined the identity of the offense charged and the possible penalty which could be imposed. Without specifying the type of drug involved, the defendant was not given notice of the offense with which he was charged.

In the instant case, the indictment informed the defendant that she was charged with the sale of a Schedule I controlled substance. The type of controlled substance, and hence identity of the offense charged, was clearly identified.

While the indictment could have been more specific in the information provided, the failure in that respect is not a basis for holding the indictment fatally defective. See *United States* v. *Gilbert* (S.D. Ohio 1939), 31 F. Supp. 195. If defendant felt that the indictment was not sufficiently definite, it was

her privilege and duty to request a bill of particulars.

Third, it is suggested that there is a questionable basis in the record of this case for the conclusion reached by the majority. Appellant has appended to her brief a purported scientific treatise which mentions that Psilocybe mushrooms denote a genus of mushrooms which includes a substantial number of species which are not hallucinogenic. Appended to appellee's brief is a purported scientific report which mentions that the hallucinogen psilocyn is one of the chemical constituents of the Psilocybe type of mushrooms. Since we have no record of what took place at the trial, we do not know if the author of either of these conflicting documents testified, or if either of the documents was before the trial court in a way that would enable it to be used in reaching any factual conclusions which may have been made. At any rate, it does not seem appropriate to rely at this time on either of these to the exclusion of the other.

For these reasons, I would affirm the judgment of conviction, and I respectfully dissent from its reversal.