**Guy Donald BEMIS, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 82A04–9407–CR–276.

Court of Appeals of Indiana.

June 22, 1995.

Robert Canada, Evansville, for appellant.

Pamela Carter, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Indianapolis, for appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Defendant–Appellant Guy Donald Bemis (Bemis) appeals from his convictions of dealing in a schedule I controlled substance, a Class B felony[1]; and two counts of possession of a schedule I controlled substance, as Class D felonies[2].

We affirm in part and remand with instructions.

### ISSUE

Bemis raises one issue on appeal, which we re-state as: Whether the statute prohibiting the possession or sale of Psilocybin and Psilocyn is unconstitutionally vague.

We raise the following issue *sua sponte:* Whether the trial court erred in entering judgment and conviction on all counts pursuant to the jury verdict.

### FACTS AND PROCEDURAL HISTORY

On September 4, 1992, Bemis met Sharon Mosby at a local bar in Evansville. Mosby left the bar with Bemis to go to his apartment. After arriving at the apartment, Bemis gave Mosby a bowl containing dried mushrooms. Mosby ate one mushroom and part of a second one. Despite Bemis' warning not to drive, Mosby left in her car. During Mosby's drive home, she began hallucinating and vomiting. When Mosby arrived home, she was laughing and crying uncontrollably. Her son transported her to the Emergency Room of St. Mary's Medical Center, where she explained the events of the evening to Evansville police officers.

Bemis consented to a search of his apartment on September 5, 1992. Police officers seized a Tupperware container which contained dried mushrooms. Police also seized other mushrooms that were growing throughout Bemis's apartment, massive amounts of paraphernalia associated with his mushroom growing operation, and various literature concerning mushroom growing and in-home drug cultivation. The mushrooms in the Tupperware container were later tested and found to contain Psilocyn.

The record further reveals that in August of 1992, Bemis telephoned Purdue University's county extension educator, Larry Kaplan, and asked him how to grow mushrooms and whether psilocybin mushrooms were edible. Kaplan testified at trial that during this conversation he informed Bemis that psilocybin mushrooms were hallucinogenic and illegal.

Bemis was charged by amended information with one count of dealing in a schedule I controlled substance, a Class B felony; one count of possession with intent to deliver, a Class B felony; and possession of a schedule I controlled substance, a Class D felony. Prior to trial, Bemis moved to dismiss the informations, arguing that the statutes under which he was charged were unconstitutional-

---

1. IND.CODE 35–48–4–2 (1994).

2. I.C. 35–48–4–7 (1988).

ly vague. The trial court denied the motion, and the cause proceeded to trial.

Following a jury trial, Bemis was convicted of one count of dealing in a schedule I controlled substance and one count of possession of a schedule I controlled substance as charged in counts I and III. He was also convicted of one count of possession of a schedule I controlled substance as a lesser included offense of the offense charged in Count II. Bemis was sentenced to six years for his conviction of dealing and eighteen months for his convictions of possession, which were merged and run concurrent to the dealing sentence. Bemis now appeals, arguing that the trial court erred when it denied his motion to dismiss the charging informations.

## DISCUSSION AND DECISION

Bemis contends that I.C. 35–48–2–4 (1994) and I.C. 35–48–4–2 are void for vagueness as they relate to Psilocybin and Psilocyn. Specifically, Bemis argues that I.C. 35–48–2–4(d)(20) and (21) fails to adequately inform him of the conduct it proscribes, and thus is violative of the Due Process Clause under the Federal Constitution and the Indiana Constitution.

Bemis further argues that the express exclusion of food from the definition of "drug" in I.C. 35–48–1–16 (1994) coupled with the fact that I.C. 35–48–2–4 fails to mention mushrooms, renders the statute constitutionally void for vagueness with regard to psilocybin mushrooms.

Bemis raised substantially the same argument in his motion to dismiss. In denying his motion, the trial court relied heavily on *People v. Dunlap* (1982), 110 Ill.App.3d 738, 66 Ill.Dec. 466, 442 N.E.2d 1379, wherein the Illinois Appellate Court found the Illinois statutory language to be unambiguous. Specifically, the *Dunlap* court found that mushrooms which in their natural state contain Psilocyn, are included in the broad category of materials which include Psilocyn. Any material which includes Psilocyn is within the definition of a Schedule I controlled sub-

stance in the Illinois Controlled Substance Act.

Following *Dunlap*, the trial court held that I.C. 35–48–4–2 and I.C. 35–48–2–4(d)(21) are unambiguous and prohibit the possession or sale of materials which contain Psilocyn, including mushrooms which contain Psilocyn in their natural state. The trial court continued by saying that

[t]he term "material" is commonly used to refer to an item which is the source for something else rather than a finished product. A person of ordinary intelligence would be amply apprised that possession of or dealing in mushrooms containing Psilocyn is illegal. As to mushrooms known to contain Psilocyn, application of I.C. 35–48–4–2 is not unconstitutional.

A prosecution under I.C. 35–48–4–2 would not violate the due process rights of a defendant who did not know the mushrooms contained Psilocyn because under I.C. 35–48–4–2, the State has the burden of proving that the defendant had knowledge of the nature of the substances possessed. The facts of this cause are distinguishable from the facts of *Fiske v. State* (1978), Fla., 366 So.2d 423, upon which the defendant relies in that the defendant in *Fiske* was found in possession of apparently wild mushrooms, whereas the defendant in this case was growing the confiscated mushrooms.

(R. 45).

Bemis was prosecuted for a violation of I.C. 35–48–4–2 which, at the time Bemis was charged, read in pertinent part as follows:

A person who: (1) knowingly or intentionally manufactures or delivers a controlled substance, pure or adulterated, classified in schedule I, II, or III, except marijuana, hash oil, or hashish; or (2) possesses with intent to manufacture or deliver, a controlled substance, pure or adulterated, classified in schedule I, II, or III, except marijuana, hash oil, or hashish; commits dealing in a schedule I, II, or III controlled substance, a Class B felony.

I.C. 35–48–4–2 (1988).[3]

A schedule I controlled substance is defined in the Indiana Controlled Substance Act as follows:

---

**3.** The statute has since been amended to provide in pertinent part as follows:

(a) The controlled substances listed in this section are included in schedule I.

\*    \*    \*    \*    \*    \*

(d) Hallucinogenic substances. Any material, compound, mixture, or preparation which contains any quantity of the following hallucinogenic, psychedelic, or psychogenic substances, their salts, isomers, and salts of isomers, unless specifically excepted by rule of the board or unless listed in another schedule, whenever the existence of these salts, isomers, and salts of isomers is possible within the specific chemical designation:

\*    \*    \*    \*    \*    \*

(20) Psilocybin

(21) Psilocyn

I.C. 35–48–2–4. The term "drug" is defined in the Indiana Controlled Substance Act as follows: "Drug" has the meaning set forth in I.C. 16–42–19–2. "It does not include devices or their components, parts, or accessories, nor does it include food." I.C. 35–48–1–16.

Constitutionality of the Challenged Statutes

■ When a statute is challenged on constitutional grounds, we begin with the presumption of constitutionality and place the burden on the challenging party to show otherwise. *Jackson v. State* (1994), Ind.App., 634 N.E.2d 532, 535.

■ We note at the outset that state and federal vagueness analysis is the same, *Id.*, and thus we will address both claims together. Under basic principles of due process, a statute is void for vagueness if its prohibitions are not clearly defined. *Helton v. State* (1993), Ind.App., 624 N.E.2d 499, 505. A statute is not unconstitutionally vague if persons of ordinary intelligence would interpret it to adequately inform them of the proscribed conduct. *McIntosh v. State* (1994), Ind.App., 638 N.E.2d 1269, 1277, *trans. denied.* Because the statutes at issue

impose criminal penalties, we will tolerate less vagueness in them than in other types of laws. *Helton,* 624 N.E.2d at 506.

■ Bemis concedes that he possessed mushrooms which contained Psilocyn; however, he argues that at the time he did not know that the mushrooms contained Psilocyn. In Indiana, however, knowledge of the nature of the substance sold or possessed is an element of dealing in a controlled substance and possession of a controlled substance. *See* I.C. 35–48–4–2; I.C. 35–48–4–7. In *Kail v. State* (1988), Ind.App., 528 N.E.2d 799, *trans. denied,* the defendant was convicted of possession of Psilocyn and interposed an argument similar to the argument advanced by Bemis. Kail admitted to possessing mushrooms, but claimed that the State failed to establish that he knowingly possessed Psilocyn, since the Psilocyn occurs naturally in the mushrooms. We affirmed Kail's conviction, concluding that the jury could infer his knowing possession from the surrounding circumstances. *Kail,* 528 N.E.2d at 809–810.

Because the Indiana statutes include scienter as an element of the offense, there is no danger that a person would be convicted for innocently possessing the psilocyn mushrooms. In the case before us, the State introduced sufficient evidence from which the jury could infer Bemis' knowledge of the presence of Psilocyn in the mushrooms he possessed.

Bemis relies on *Fiske v. State* (1978), Fla., 366 So.2d 423, wherein the Florida Supreme Court held that Fiske's conviction under Florida's statutory scheme violated the Due Process Clauses of the federal and Florida constitutions. Florida's statute makes possession of any material which contains the hallucinogenic substance psilocybin, a felony in the third degree. Psilocybin is a schedule I controlled substance in Florida, as in

(a) A person who: (1) knowingly or intentionally: (A) manufactures; (B) finances the manufacture of; (C) delivers; or (D) finances the delivery of; a controlled substance, pure or adulterated, classified in schedule I, II, or III, except marijuana, hash oil, or hashish; or (2) possesses, with intent to: (A) manufacture; (B) finance the manufacture of; (C) deliver; or (D) finance the delivery of; a controlled substance, pure or adulterated, classified in schedule I, II, or III, except marijuana, hash oil, or hashish; commits dealing in a schedule I, II, or III controlled substance, a Class B felony, except as provided in subsection (b).
I.C. 35–48–4–2 (1994).

Indiana. *Fiske*, 366 So.2d at 424. The court in *Fiske* found that Florida's statutory scheme regarding Psilocybin was not unconstitutionally vague on its face; however, the court found that it was unconstitutionally vague as applied to Fiske. The court said:

> The statute makes no mention of psilocybic mushrooms or, for that matter, of any other psilocybic organic form that grows wild. If the statute were to specify that psilocybin was contained in certain identifiable mushrooms and were to name those mushrooms, thereby apprising a prospective defendant that possession of those mushrooms is unlawful, it would not be unconstitutional as applied. The statute as presently framed, however, gives no information as to what plants may contain psilocybin in its natural state. More particularly, the statute does not advise a person of ordinary and common intelligence that this substance is contained in a particular variety of mushroom. The statute, therefore, may not be applied constitutionally to appellant.

*Fiske*, 366 So.2d at 424.

*Fiske* is distinguishable for two reasons. First, at the time of Fiske's case, the Florida statute proscribing possession of any material containing psilocybin did not require scienter as an element of the crime. Therefore, the Florida Supreme Court was attempting to protect the unwary from a conviction for possession of a controlled substance when in fact he did not know he possessed mushrooms that contained a controlled substance. Furthermore, in *Fiske*, there was a complete absence of evidence that the defendant knew that he possessed illegal mushrooms. The defendant was arrested as he emerged from a field carrying a bag of wild mushrooms. This factual situation is more susceptible to an innocent explanation than the factual situation in the case before us. In the case at bar, police seized from Bemis's apartment several items of paraphernalia used in cultivating mushrooms, publications on the subject of cultivating mushrooms, including psilocybic mushrooms, as well as several mushrooms growing throughout the apartment. Larry Kaplan also testified that he informed Bemis that psilocybic mushrooms were illegal and hallucinogenic.

Bemis also relies on *State v. Wohlever* (1985), 27 Ohio App.3d 192, 500 N.E.2d 318, wherein the court held that defendant's motion to dismiss the indictment should have been granted. In *Wohlever*, however, neither the particular controlled substance nor the type of hallucinogen was stated in the indictment, and thus the indictment failed to state a crime. The information charging Bemis clearly charges delivery and possession of a schedule I controlled substance, to wit: Psilocyn. The case before us is distinguishable from *Wohlever*.

■ We find that the Indiana statutory scheme regarding psilocyn and psilocybin mushrooms is sufficiently explicit so as to inform individuals of the proscribed conduct, and thus is consistent with due process. Several other states have addressed this issue and have found that their state statutes are not unconstitutionally vague. *See People v. Dunlap*, 442 N.E.2d 1379; *State v. Justice* (1985), 10 Kan.App.2d 569, 704 P.2d 1012; *State v. Patterson* (1984), 37 Wash.App. 275, 679 P.2d 416.

■ We raise the validity of the dual convictions for possession *sua sponte* because the record is unclear as to whether Bemis's conviction of the lesser included possession verdict was vacated or whether the court simply declined to sentence him on it. Clearly, Bemis cannot be convicted of both when they are based on the same set of facts. *See Kremer v. State* (1994), Ind.App., 643 N.E.2d 357, 361.

### CONCLUSION

The Indiana Controlled Substance Act as it relates to Psilocybin and Psilocyn is not unconstitutionally vague. Indiana's statutory scheme gives persons of ordinary intelligence fair warning of the prohibited conduct and does not encourage arbitrary or discriminatory enforcement. Thus, the statutes are not unconstitutionally vague, either on their face or as applied to Bemis.

The conviction of possession as the lesser included offense cannot stand. We remand with instructions to vacate the conviction for

possession as the lesser included offense. With respect to the convictions and sentence for possession and dealing in a schedule I controlled substance, the trial court is affirmed.

FRIEDLANDER, J., concurs.

CHEZEM, J., dissents with separate opinion.

CHEZEM, Judge, dissenting.

I respectfully dissent as to the majority's vacation of one conviction of Bemis for possession. The evidence is sufficient to support the jury's findings that Bemis committed two separate acts of possession. The facts most favorable to the verdicts reveal that Bemis was convicted of Count I, dealing in a schedule I controlled substance, for his act of delivering the mushrooms to Mosby. Bemis was convicted of Count III, possession of a schedule I controlled substance, for his possession of the mushrooms in the Tupperware bowl. Bemis was convicted on count II, possession of a schedule I controlled substance as a lesser included offense of possession with intent to deliver, for his possession of the large quantity of growing mushrooms in his apartment. Bemis possessed two separate sets of mushrooms, those in the bowl and those growing throughout his apartment. Simply because the jury found there was insufficient evidence of Bemis' intent to deliver the growing mushrooms, it does not follow that the jury's finding that his act of possession of those mushrooms is the same as its finding that Bemis possessed the mushrooms in the bowl. Bemis possessed two sets of mushrooms, one set with the intent to deliver; the other set was still growing. Two groups of mushrooms with two different intentions should equal two crimes. *See Young v. State* (1991), Ind.App., 564 N.E.2d 968 (Chezem, J., concurring in part and dissenting in part).