The State of Ohio appeals the judgment of the Medina County Court of Common Pleas which granted defendant-appellee Catherine Hernon's motion to dismiss. We reverse.
 I.
On March 4, 1998, the Brunswick Police Department filed a complaint against Catherine Hernon, fka Catherine Schaumleffel, in Medina Municipal Court, charging her with knowing possession of anabolic steroids, a Schedule III controlled substance, a second degree felony in violation of R.C. 2925.11(A)(C)(2)(d). Hernon was subsequently indicted by the Medina County Grand Jury on March 19 for the same underlying offense. The indictment charged Hernon with knowingly obtaining, possessing, or using "steroids, a schedule III controlled substance, in an amount that exceeds fifty times the bulk amount in violation of Section 2925.11(A)(C)(2)(d) of the Ohio Revised Code (F-2)."
Hernon pled not guilty and the case proceeded to a bench trial. At the close of the State's case, Hernon made a motion for acquittal, pursuant to Crim.R. 29. Hernon's motion claimed there was insufficient evidence as to her control over the drugs and that the indictment did not "as a matter of law, state a crime." Hernon cited to State v. Wohlever (1985), 27 Ohio App.3d 192, in which this Court held that an indictment which failed to state a crime was fatally flawed. Hernon argued that because the indictment charged her with possession of "steroids" (which generally are not controlled) rather than "anabolic steroids" (which are controlled), the indictment was fatally flawed. The State argued that the indictment was sufficient to inform Hernon of the crime charged, and that all the evidence produced at trial indicated that Hernon possessed the proscribed anabolic steroids. The State further pointed out that Crim.R. 7(D) permits the correction of an indictment, where such an amendment does not alter the identity of the crime charged.
The trial court, on the basis of Wohlever, granted Hernon's motion to dismiss because the indictment failed to state a crime. The court concluded, "[w]hile this Court agrees that there was probably no real misleading of the defendant, the Court believes that under [Wohlever] there is no need to show harm."
The State of Ohio filed the instant appeal, assigning as error that appellee's motion to dismiss for a flawed indictment should have been raised prior to trial, and that the court committed reversible error by not allowing the State to amend the indictment.
Hernon raises a preliminary issue that the State has failed to file its appeal pursuant to App.R. 5(B), which governs discretionary appeals by the prosecution from a judgment or order of the trial court. Hernon contends that the appeal should be dismissed. We find this argument to be without merit. R.C.2945.67(A) permits the prosecution to file an appeal of right from any decision "which grants a motion to dismiss all or any part of an indictment, complaint, or information[.]" Contrary to Hernon's assertion, the instant appeal is from the dismissal of an indictment, not an acquittal. Leave of this court is not required for the instant appeal. See State v. Fisher (1988), 35 Ohio St.3d 22,24, and State v. Metz (Nov. 20, 1995), Washington App. No. 93CA18, unreported, appeal not allowed (1998), 81 Ohio St.3d 1413, certiorari denied (1998), ___ U.S. ___, 142 L.Ed.2d 119. Consequently, App.R. 5(B) does not govern the instant appeal.
 II. ASSIGNMENT OF ERROR I APPELLEE'S MOTION TO DISMISS WAS IMPROPERLY RAISED BY A RULE 29 MOTION AND SHOULD HAVE BEEN RAISED PRIOR TO TRIAL.
 The State points to Crim.R. 12(B), which provides that certain defenses and objections must be raised before trial, including "[d]efenses and objections based on defects in the indictment, information, or complaint[.]" Crim.R. 12(B)(2).
 However, where, as here, the alleged defect in the indictment is that it fails to charge an offense, a defense based on the existence of the defect can be raised at any time. Crim.R. 12(B)(2). We overrule appellant's first assignment of error.
 III. ASSIGNMENT OF ERROR II THE COURT COMMITTED REVERSIBLE ERROR BY NOT ALLOWING THE STATE TO AMEND THE INDICTMENT.
The adequacy of an indictment is a question of law, requiring a de novo review. State v. Smoot (July 18, 1997), Clark App. No. 96-CA-107, unreported.
In granting the motion to dismiss, the trial court relied on this Court's decision in Wohlever. However, this reliance was misplaced. In Wohlever, the indictment charged the defendant with possessing Psilocybe mushrooms, a "Schedule I controlled substance[.]" Wohlever, 27 Ohio App.3d at 192. However, Schedule I does not list the mushrooms as a controlled substance. Schedule I does list Psilocybin and psilocybe as controlled hallucinogens. Not all Psilocybe mushrooms possess the hallucinogenic qualities designed to be controlled by Schedule I. Furthermore, the indictment did not specify that the mushrooms at issue were hallucinogenic. This Court concluded that the "legislature has clearly detailed substances which are controlled and Psilocybe mushrooms are not among them." Id. at 192-3. We went on to say that "an indictment that does not specify a mushroom that is a hallucinogenic type does not charge a crime." Id. at 193.
In the instant case, Hernon was indicted for possession of "steroids." While not all steroids are controlled substances, those that are controlled, namely anabolic steroids, are listed in Schedule III. R.C. 3719.41. Thus, the indictment charged Hernon with possession of "steroids, a schedule III controlled substance[.]" The only steroids listed in Schedule III are anabolic steroids. We believe that the indictment, even without the descriptive "anabolic," charges a crime of possession of a specific controlled substance, the only steroids listed in Schedule III, anabolic steroids.
Unlike the indictment in Wohlever, which charged the defendant with possession of an item which was not controlled and failed even to identify the category ("hallucinogen") of proscribed substance at issue, the instant indictment charged Hernon with possessing a controlled substance, the only steroids listed in Schedule III, namely, anabolic steroids. We find that the better comparison to this case can be found in State v. Krothe
(Dec. 1, 1995), Coshocton App. No. 95-CA-19, unreported. There, the defendant was charged with possession of "lysergic diethylamide," "commonly referred to as acid." The prosecution requested leave of the trial court to amend the indictment to read "lysergic acid diethylamide," which is the correct name of the controlled substance. The trial court granted the motion to amend, and the appellate court affirmed the trial court's decision. The appellate court cited to the Ohio Supreme Court's holding that an indictment may be amended, so long as the name or the identity of the crime is not changed and the defendant is not prejudiced by the amendment. Id., citing State v. O'Brien
(1987), 30 Ohio St.3d 122, paragraph two of the syllabus.
We find that the instant indictment was sufficient on its face to charge a crime, and no amendment was needed. However, to the extent that the trial court believed that the indictment was defective, it should have permitted the State to amend the indictment. An amendment to the instant indictment to include the descriptive "anabolic" would not have changed the identity of the crime nor would it have prejudiced Hernon. The initial complaint filed in Medina Municipal Court charged Hernon with possession of anabolic steroids. Although the prosecutor's bill of particulars filed in the common pleas court characterized the drug allegedly possessed by Hernon as "steroids" it cited to the Schedule III list of controlled substances. Finally, in the State's response to defendant's discovery request, the State advised Hernon that it might use, as evidence, "anabolic steroids" per an attached list of evidence secured from Hernon's house.
We find that the trial court erred in granting Hernon's request for dismissal on the basis that the indictment was fatally flawed rather than permitting the State to amend the indictment. We find that Appellant's second assignment of error is well-taken.
We therefore reverse the judgment of the trial court and remand the cause for further action in accord with this decision.
Judgment reversed and cause remanded.
 The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
WILLIAM R. BAIRD, FOR THE COURT WHITMORE, J.
BATCHELDER, J.
CONCUR