JOURNAL ENTRY AND OPINION
{¶ 1} The State of Ohio appeals the trial court's granting of acquittal to defendant, Desiree Rivers. This is the state's second appeal in this case.
 {¶ 2} The procedural history of this case is complicated but important to our decision. The case went to a jury trial. After the state had completed its case in chief, defendant orally moved for dismissal on the grounds of an alleged defect in the indictment and also moved for acquittal pursuant to Crim.R. 29. Because it granted the motion to dismiss the indictment, the trial court never ruled on the motion for acquittal. In the first appeal, this court reversed the trial court's dismissal of the indictment and remanded the case to the trial court for further proceedings. State v. Rivers, Cuyahoga App. No. 83321, 2004 Ohio 2566. Defendant then appealed to the Ohio Supreme Court, which dismissed her appeal.
 {¶ 3} On remand the case was reassigned to the original trial judge on December 3, 2004. Defendant filed a motion for directed acquittal on March 9, 2005. In this motion she reminded the court that the original motion for acquittal made at the close of the state's case was still unresolved.
 {¶ 4} Granting the Crim.R. 29 motion for acquittal on June 15, 2005, the trial court issued a nunc pro tunc entry which read: "JOURNAL ENTRY TO READ `DEFENDANT'S MOTION FOR DIRECTED ACQUITTAL IS GRANTED AS TO ALL COUNTS. CASE DISMISSED.'" This court subsequently granted the state leave to appeal. The state presents one assignment of error:
I. THE TRIAL COURT ERRED IN GRANTING APPELLEE'S UNTIMELY
MOTION FOR ACQUITTAL PURSUANT TO CRIM.R. 29.
 {¶ 5} The state raises an interesting legal issue on appeal. Because defendant's March 8, 2005 motion for acquittal was filed outside the time limitations required by Crim.R. 29, the state argues, the trial court lacked jurisdiction to rule on it. Ohio Crim.R. 29 reads:
(A) Motion for judgment of acquittal. — The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case.
(B) Reservation of decision on motion. — If a motion for ajudgment of acquittal is made at the close of all the evidence,
the court may reserve decision on the motion, submit the case to the jury and decide the motion either before the jury returns a verdict, or after it returns a verdict of guilty, or after it isdischarged without having returned a verdict.
(C) Motion after verdict or discharge of jury. — If a jury
returns a verdict of guilty or is discharged without havingreturned a verdict, a motion for judgment of acquittal may bemade or renewed within fourteen days after the jury is dischargedor within such further time as the court may fix during thefourteen day period. If a verdict of guilty is returned, the court may on such motion set aside the verdict and enter judgment of acquittal. If no verdict is returned, the court may enter judgment of acquittal. It shall not be a prerequisite to the making of such motion that a similar motion has been made prior to the submission of the case to the jury. Emphasis added.
The state relies on division (C) of Crim.R. 29 in its argument. It notes that the trial court regained jurisdiction over the case in December and the written motion for acquittal was not filed until March. The state adds that the jury had been dismissed in the case after the state presented its case in chief, so it believes Section (C) of the rule should apply.
 {¶ 6} In support of this argument, the state cites to two Ohio cases, State v. Trischler (Feb. 21, 1991), Franklin App. No. 90AP-92, 1991 Ohio App. LEXIS 781 and State v.Wohlever[1] (1985), 27 Ohio App.3d 192, 193. Both these cases are distinguishable from the case at bar. In Trischler,
the defendant had been convicted in a bench trial and filed a motion for acquittal a year and a half later. The First Appellate District ruled that his motion for acquittal was not timely filed and overruled his appeal.
 {¶ 7} In Wohlever, the majority affirmed dismissal of defendant's indictment. Although Wohlever had filed a motion for acquittal, she actually argued that the indictment was defective. The court, agreeing that the indictment was faulty, reversed the conviction and dismissed the case on the grounds of a faulty indictment. The timing of the motion for acquittal was therefore irrelevant.[2]
 {¶ 8} The state also cites to a United States Supreme Court case, Carlisle v. U.S. (1996), 517 U.S. 416, in which the Court held that the trial court loses jurisdiction to grant a motion for acquittal if that motion is filed outside the time limits stated in federal Crim.R. 29(C).[3] The Court held, "[t]here is simply no room in the text of Rules 29 and 45(b) for the granting of an untimely postverdict motion for judgment of acquittal, regardless of whether the motion is accompanied by a claim of legal innocence, is filed before sentencing, or was filed late because of attorney error." Id. at 420.
 {¶ 9} We find that Carlisle differs from the case at bar in one very important aspect: the motion in the case at bar was not a postverdict motion. An oral motion for acquittal was originally made at the close of the state's case in chief. It was never ruled on, and although the jury was discharged after the motion was made, the renewal of the motion does not abrogate the actual original motion.
 {¶ 10} Further confusing this issue is the fact that neither the federal nor Ohio Criminal Rules explicitly addresses the situation in the case at bar. At first blush, it appears that Section (C) of the rule should apply here because the jury had been discharged; Section (C) of rule applies, however, only if the jury's dismissal occurs after either a guilty verdict or "no verdict is returned." The details of Section (B) clarify that the rule applies to motions for acquittal that have been filed after the matter has been submitted to a jury. Section (C) then proceeds to describe time limits for such motions and thus is still limited to motions filed after the matter has been submitted to a jury. Thus the rule applies only to the failure to reach a verdict after the case was submitted to a jury, that is, with a hung jury. Crim.R. 29 does not cover a midtrial dismissal.
 {¶ 11} The status of the case at bar upon its return to the trial court was midtrial. The court, despite the extended delay, had yet to rule on the outstanding motion. It retained, therefore, jurisdiction over the motion.
 {¶ 12} In addition to the absence of applicability of Crim.R. 29 to the case at bar, the state's appeal is defeated by R.C.2945.67, which explicitly delineates the only conditions under which the state may pursue an appeal in a criminal case. The statute reads:
(A) A prosecuting attorney * * * may appeal as a matter of right any decision of a trial court in a criminal case * * * which decision grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, or a motion for the return of seized property or grants post conviction relief pursuant to sections 2953.21 to 2953.24* [star in original] of the Revised Code, and may appeal by leave of the court to which the appeal is taken any other decision,except the final verdict, of the trial court in a criminal case * * *. In addition to any other right to appeal under this section or any other provision of law, a prosecuting attorney * * * may appeal, in accordance with section 2953.08 of the Revised Code, a sentence imposed upon a person who is convicted of or pleads guilty to a felony. (Emphasis added.)
 {¶ 13} Ohio courts have consistently ruled that any final verdict, regardless of the form of the verdict, cannot be appealed by the state. "A directed verdict of acquittal by the trial judge in a criminal case is a `final verdict' within the meaning of R.C. 2945.67(A) which is not appealable by the state as a matter of right or by leave to appeal pursuant to that statute." State v. Keeton (1985), 18 Ohio St.3d 379, 381.
 {¶ 14} As the Second Appellate District held, the state has appellate rights
* * * in only four situations: (1) from a decision that grants a motion to dismiss all or any part of an indictment, complaint, or information; (2) from a decision that grants a motion to suppress evidence; (3) from a decision that grants a motion for return of property; and (4) from a decision that grants post conviction relief. In all other circumstances, the state may appeal with leave of court any other decision of a trial courtexcept the final verdict. Because R.C. 2945.67 creates an exception to the general rule against the state taking an appeal as of right in a criminal case, we believe the statute must be strictly construed and any appeal taken by the state as of right strictly comply with the terms of the statute. (Emphasis added.)
State v. Sanders (Nov. 30, 1994), Miami App. No. 94-CA-48, 1994 Ohio App. LEXIS 5485, at *4. See also State v. Edmondson
(2001), 92 Ohio St. 3d 393, 396; State v. Bistricky (1990),51 Ohio St. 3d 157, syllabus.
 {¶ 15} The fact that the trial in this case was never completed does not affect the finality of the verdict: "The language in R.C. 2945.67(A) and the language in the cited cases is broad and does not limit `final verdicts' to verdicts rendered after a trial." State v. Ginnard (Jan. 23, 1992), Cuyahoga App. No. 61964, 1992 Ohio App. LEXIS 213, fn. 3. Despite the state's argument that it has a right to appeal this directed acquittal, "it is clear that the state may not appeal, even by leave of court, an order which is the "final verdict" in the case. The statute on its face is clear, and it needs to be applied — not interpreted." State v. Lomax, 96 Ohio St. 3d 318 ¶ 22.
 {¶ 16} Because the state's appeal is statutorily barred and because the trial court retained the right to rule on the timely motion for acquittal, the assignment of error is overruled.
Appeal dismissed.
It is ordered that appellee recover of appellant its costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J., and Kilbane, J., concur.
[1] The state mistakenly states the name of the case as "Statev. Wohlmeyer."
[2] The dissent in Wohlever argued that defendant failed to comply with the requiremenst of Crim.R. 29.
[3] Although Ohio's Criminal Rules allow for fourteen days, the federal Criminal Rules provide only seven days. The federal rule differs from the Ohio rule in several significant aspects. The federal rule reads:
"(a) MOTION BEFORE SUBMISSION TO JURY. Motions for directed verdict are abolished and motions for judgment of acquittal shall be used in their place. The court on motion of a defendant or of its own motion shall order the entry of judgment of acquittal of one or more offenses charged in the indictment or information after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses. If a defendant's motion for judgment of acquittal at the close of the evidence offered by the government is not granted, the defendant may offer evidence without having reserved the right.
"(b) RESERVATION OF DECISION ON MOTION. The court may reserve decision on a motion for judgment of acquittal, proceed with the trial (where the motion is made before the close of all the evidence), submit the case to the jury and decide the motion either before the jury returns a verdict or after it returns a verdict of guilty or is discharged without having returned a verdict. If the court reserves decision, it must decide the motion on the basis of the evidence at the time the ruling was reserved.
"(c) MOTION AFTER DISCHARGE OF JURY. If the jury returns a verdict of guilty or is discharged without having returned a verdict, a motion for judgment of acquittal may be made or renewed within 7 days after the jury is discharged or within such further time as the court may fix during the 7-day period. If a verdict of guilty is returned the court may on such motion set aside the verdict and enter judgment of acquittal. If no verdict is returned the court may enter judgment of acquittal. It shall not be necessary to the making of such a motion that a similar motion has been made prior to the submission of the case to the jury.
"(d) SAME: CONDITIONAL RULING ON GRANT OF MOTION. If a motion for judgment of acquittal after verdict of guilty under this Rule is granted, the court shall also determine whether any motion for a new trial should be granted if the judgment of acquittal is thereafter vacated or reversed, specifying the grounds for such determination. If the motion for a new trial is granted conditionally, the order thereon does not affect the finality of the judgment. If the motion for a new trial has been granted conditionally and the judgment is reversed on appeal, the new trial shall proceed unless the appellate court has otherwise ordered. If such motion has been denied conditionally, the appellee on appeal may assert error in that denial, and if the judgment is reversed on appeal, subsequent proceedings shall be in accordance with the order of the appellate court."
Note that the federal rule has a division (d) which is absent from the Ohio rule. Ohio's rule contains no provision for anappeal following the court's acquittal. This difference issignificant in the case at bar.