[Cite as *Rocky River v. Ghaster*, 2012-Ohio-177.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 96754

## CITY OF ROCKY RIVER

PLAINTIFF-APPELLANT

vs.

## PAMELA A. GHASTER

DEFENDANT-APPELLEE

## JUDGMENT:
## DISMISSED

Criminal Appeal from the
Rocky River Municipal Court
Case Nos. 07 CRB 1992 and 07 CRB 2173

**BEFORE:** E. Gallagher, J., Celebrezze, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** January 19, 2012
**ATTORNEYS FOR APPELLANT**

Andrew E. Bemer
Director of Rocky River Law Dept.
By:   Michael J. O'Shea
Rocky River Law Dept.
21012 Hilliard Blvd.
Rocky River, Ohio   44116


**ATTORNEY FOR APPELLEE**

Kenneth D. Myers
6100 Oak Tree Blvd.
Suite 200
Independence, Ohio   44131


EILEEN A. GALLAGHER, J.:

{¶ 1} Appellant, the city of Rocky River, appeals a Rocky River Municipal Court judgment wherein the court found that the prosecuting attorney had no standing to move the court to hold a probation violation hearing in regard to appellee Pamela Ghaster and struck from the record the prosecutor's corresponding motion. On appeal, the prosecutor argues that it has the authority to report and request hearings for community control sanction violations.   Sua sponte we dismiss this appeal due to the failure of the city to comply with R.C. 2945.67 and App.R. 5(C).

{¶ 2} The record reveals that on April 14, 2011, the prosecutor filed a

"report of probation violation and motion for court to conduct a probation violation hearing," wherein the prosecutor moved the trial court to "issue a probation violation complaint and, thereafter, conduct a probation violation hearing for the [appellee]." The trial court denied the prosecutor's motion on April 18, 2011, holding that the prosecutor lacked the requisite standing to present such a motion. The court further struck the prosecutor's motion from the record. On April 19, 2011, the prosecutor filed a motion for reconsideration, that the trial court denied on April 20, 2011. The prosecutor subsequently brought the present appeal of both the trial court's April 18, 2011 decision denying the prosecutor's motion and the court's April 20, 2011 denial of the motion to reconsider.

{¶ 3} R.C. 2945.67 provides the court of appeals with jurisdiction to hear appeals taken by the State and provides:

> (A) A prosecuting attorney, village solicitor, city director of law, or the attorney general may appeal as a matter of right any decision of a trial court in a criminal case, or any decision of a juvenile court in a delinquency case, which decision grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, or a motion for the return of seized property or grants postconviction relief pursuant to sections 2953.21 to 2953.24 of the Revised Code, and may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case or of the juvenile court in a delinquency case. In addition to any other right to appeal under this section or any other provision of law, a prosecuting attorney, city director of law, village solicitor, or similar chief legal officer of a municipal

corporation, or the attorney general may appeal, in accordance with section 2953.08 of the Revised Code, a sentence imposed upon a person who is convicted of or pleads guilty to a felony.

{¶ 4} If the city seeks to obtain a discretionary review of a ruling of substantive law, the city must follow the proper procedure and comply with App.R. 5(C), which requires the city to obtain leave of court to appeal. *State v. Selinka*, 8th Dist. No. 89120, 2007-Ohio-5435, 2007 WL 2949296, ¶ 9.

{¶ 5} "Because R.C. 2945.67 creates an exception to the general rule against the State taking an appeal as of right in a criminal case, we believe the statute must be strictly construed and any appeal taken by the state as of right strictly comply with the terms of the statute." *State v. Rivers*, 8th Dist. No. 86663, 2006-Ohio-3949, 2006 WL 2170602, ¶ 14, quoting *State v. Sanders*, 2d Dist. No. 94-CA-48 (Nov. 30, 1994).

{¶ 6} In order for this court to have jurisdiction, there must be full compliance with the mandatory provisions of the statute. Absent full compliance the appeal must be dismissed. *State v. Padavick*, 8th Dist. No. 49585, 1985 WL 8404 (Nov. 1, 1985), citing *State v. Leary*, 47 Ohio App.2d 1, 351 N.E.2d 793 (8th Dist. 1975).

{¶ 7} In the case sub judice, the record reveals that the prosecutor failed to seek leave to appeal the trial court's decision on substantive law in accordance with R.C. 2945.67 and App.R. 5(C). Therefore, we find that the

prosecutor's appeal is statutorily barred. We are without jurisdiction to hear this appeal.

**{¶ 8}** Accordingly, appeal dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to

Rule 27 of the Rules of Appellate Procedure.

---

EILEEN A. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
SEAN C. GALLAGHER, J., CONCUR