**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**DEBORAH MARKISOHN**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| CRAIG HATCHETT, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 49A02-1402-CR-88 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Steven Eichholtz, Judge
The Honorable Peggy Hart, Master Commissioner
Cause No. 49G20-1302-FB-12394

**September 30, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Craig Hatchett appeals his conviction for Class B felony dealing in cocaine. We affirm.

## Issue

The sole issue before us is whether there is sufficient evidence to support Hatchett's conviction.

## Facts

On February 21, 2013, officers of the Indianapolis Metropolitan Police Department made plans to attempt undercover buys of drugs from suspected dealers. Two undercover officers in an unmarked car saw Hatchett standing in a small group of people in a neighborhood where there had been complaints of drug dealing. Hatchett made eye contact with one of the officers, Hatchett and the officer nodded to each other, and Hatchett waved at the officers, motioning for them to come to him. The officers drove over to Hatchett, who then approached the passenger side of the car. Hatchett asked the officer in the passenger seat what he was looking for, and the officer responded "forty." Tr. p. 104. This is a common drug dealing term that refers to forty dollars, which generally translates into two small rocks of crack cocaine. Hatchett then gave the officer two baggies containing small rocks of what appeared to be crack cocaine in exchange for two twenty-dollar bills, the serial numbers of which had been pre-recorded. Later testing confirmed that the rocks were crack cocaine. After the undercover officers left the area, uniformed officers arrived and arrested

2

Hatchett. Officers found the two twenty-dollar bills with the pre-recorded serial numbers in Hatchett's pocket.

The State charged Hatchett with one count of Class B felony dealing in cocaine and one count of Class D felony possession of cocaine. A jury found Hatchett guilty of both counts. The trial court only entered judgment of conviction on the dealing count. Hatchett now appeals.

**Analysis**

When we review a claim of insufficient evidence to support a conviction, we must consider only the evidence most favorable to the conviction and any reasonable inferences that may be drawn from that evidence. Baker v. State, 968 N.E.2d 227, 229 (Ind. 2012). We will affirm if a reasonable fact finder could determine from the evidence that the defendant was guilty beyond a reasonable doubt. Id. We will not reweigh the evidence or judge the credibility of witnesses. Id. A conviction may be sustained on circumstantial evidence alone. Boggs v. State, 928 N.E.2d 855, 864 (Ind. Ct. App. 2010), trans. denied.

Hatchett's sole argument is that there is insufficient evidence he knew that the substance he sold the undercover officer was crack cocaine. In Indiana, knowledge of the nature of the substance sold is an element of dealing in a controlled substance. Bemis v. State, 652 N.E.2d 89, 92 (Ind. Ct. App. 1995). Such knowledge may be inferred by a trier of fact based upon an examination of the surrounding circumstances. McClendon v. State, 671 N.E.2d 486, 489 (Ind. Ct. App. 1996).

There is no evidence in this case to suggest that Hatchett was accidentally in possession of crack cocaine. Rather, he engaged in conduct entirely consistent with drug dealing when he sold the substance to the undercover officer in exchange for forty dollars, evidencing familiarity with the street slang connected with the sale of crack cocaine. Although Hatchett did not admit to selling crack cocaine or explicitly offer to sell the officer cocaine, there clearly is sufficient circumstantial evidence that he knew he was selling cocaine.

## Conclusion

There is sufficient evidence to sustain Hatchett's conviction. We affirm.

Affirmed.

BRADFORD, J., and BROWN, J., concur.