**In re LEE.**

[Cite as *In re Lee* (2001), 145 Ohio App.3d 167.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 78660.

Decided Aug. 6, 2001.

*William D. Mason,* Cuyahoga County Prosecuting Attorney, and *Lawrence Rafalski,* Assistant Prosecuting Attorney, for appellant.

*James A. Draper,* Cuyahoga County Public Defender, and *Donald Green,* Assistant Public Defender, Cleveland, for appellee.

KARPINSKI, Administrative Judge.

The state appeals the trial court's finding the juvenile Sebastian Lee ("the boy") not to be delinquent and the dismissal of the charges of rape and assault against him.

In April 1997, the boy visited a fourteen-year-old girl in her Parma home in order to try out a trampoline her family had recently bought. Initially, the girl's sister was also in the home, but she later left. When the boy and the girl were alone watching TV, the boy kissed the girl, put his hand inside her pants, and his finger into her vagina. The testimony of both the boy and girl agree on those actions, although they disagree on whether the girl objected to the boy's actions. She also testified that the boy struck her so that she was dazed and then raped her. The boy denies that any rape or nonconsensual contact took place.

Although the girl testified that she wrote about the rape in her diary, she said that she later tore out and destroyed those pages. She did not tell anyone of the attack for several months.

When her parents finally learned of the rape, the girl's father confronted the boy at a school function. The boy testified that he admitted to the girl's father that he had kissed and digitally penetrated the girl. Although they got counseling for her, at first the girl's parents chose not to notify the police.

Over two years after the alleged rape, the girl told her parents that she had received a threatening phone call from the boy. The record showed that his reputation at school was suffering as a result of rumors about the alleged rape. At this point, the girl's parents finally filed a complaint against the boy, and a hearing was held in juvenile court. Both the boy and the girl testified at the hearing.

Although the boy claimed under oath that he had never assaulted any female, the state produced an essay he had written for school about a "life experience" in which he described shoving and choking his former girlfriend. He consistently denied that he had choked this other girl, despite what he had written in his essay.

At the close of evidence, the court reduced one of the charges from felonious assault to misdemeanor assault. After deliberation, the court, citing the lack of evidence and the lack of credibility of the girl's testimony, found the juvenile not to be delinquent and dismissed the amended charges.

The state timely appealed.

Appellant states four assignments of error:

"I. The trial court committed reversible error by the application of civil tort law to the facts of this case in reaching its judgment, rather than the principles of criminal law, with the result that the trial court's judgment was not in accordance with law, such reversible error having prejudiced the right of the state of Ohio to a fair trial.

"II. The trial court committed reversible error by basing its judgment of non-delinquency in this matter upon legally impermissible factors regulated by Ohio's 'rape shield' law, thereby violating R.C. 2907.02(D) in reaching its judgment.

"III. The trial court committed reversible error by failing to consider at all, clear evidence of the juvenile's lack of credibility, and to apply this factor to its determination of judgment because it improperly applied civil law principles to this case.

"IV. The error committed by the trial court was so substantial, it rendered the prior juvenile court trial an 'illegal event', or legal nullity, and, therefore, a subsequent trial de novo would not involve an issue of double jeopardy."

 We will not address any of appellant's assignments of error because we lack jurisdiction to consider the state's appeal. R.C. 2945.67 states:

"A prosecuting attorney * * * may appeal as a matter [of] right * * * any decision of a juvenile court in a delinquency case * * * *except the final verdict* * * * * of the juvenile court in a delinquency case." (Emphasis added.)

 The trial court stated on the record, "I find that evidence produced is not evidence beyond a reasonable doubt. *I find Sebastian Lee not delinquent of rape and assault.*" (Emphasis added.) The court reached a final verdict in this case, and the state is statutorily precluded from appealing that verdict. We cannot review "an acquittal, even though erroneously based * * * without putting the defendant twice in jeopardy * * *." (Citations omitted.) *State v. Ginnard* (Jan. 23, 1992), Cuyahoga App. No. 61964, unreported, 1992 WL 10275, at * 2. Thus this court is without jurisdiction to address this appeal.

*Appeal dismissed.*

KENNETH A. ROCCO and COLLEEN CONWAY COONEY, JJ., concur.