JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
 {¶ 2} We granted the State leave to appeal the final judgment entered against defendant-appellee Iran Mayfield. On appeal, the State challenges the Cuyahoga Court of Common Pleas's decision to accept the defendant's no contest plea to one count of domestic violence, a felony of the fifth degree[1], hear evidence from both parties, and then acquit the defendant of the charge. After careful review, we dismiss the appeal.
 {¶ 3} The record presented to us on appeal reveals the following: In the trial court, defendant pleaded no contest to one count of domestic violence against his wife Betsy Mayfield. After a colloquy complying with Crim.R.11(C), the trial court asked for a statement of the facts, and the State recited facts sufficient to support the charges. Upon completion of the State's statement, the defendant addressed the trial court and related his rendition of the incident. The trial court also heard from the named victim in the indictment. The trial court then found defendant not guilty of domestic violence.
 {¶ 4} The State now appeals this judgment of the trial court and raises a single error for our review.
 {¶ 5} "I. The trial court erred in finding appellee not guilty on a plea of no contest, as it is contrary to law."
 {¶ 6} We will not address the State's assignment of error because we do not have jurisdiction to consider the appeal pursuant to R.C.2945.67. R.C. 2945.67 provides that a prosecuting attorney may appeal as a matter of right any decision of a trial court in a criminal case except the final verdict of the trial court in a criminal case. In re: SebastianLee (2001), 145 Ohio App.3d 167, 169.
 {¶ 7} Here, the trial court accepted the defendant's no contest plea and then found him not guilty of domestic violence. Thus, the trial court reached a final verdict in this case, and the State is statutorily precluded from appealing that verdict. Id. We cannot review an acquittal, even though erroneously based, without putting the defendant in double jeopardy. Id.; see, also, State v. Ginnard (Jan. 23, 1992), Cuyahoga App. No. 61964.
Appeal dismissed.
COLLEEN CONWAY COONEY, J., and ANTHONY O. CALABRESE, JR., J., CONCUR.
[1] Defendant has two previous convictions for domestic violence in Cuyahoga County.