JOURNAL ENTRY AND OPINION
{¶ 1} The State of Ohio brings this appeal following the trial court's determination that defendant Michael Gump was not guilty of possession of criminal tools, a charge to which Gump pled no contest. For the reasons set forth below, we dismiss for lack of jurisdiction.
 {¶ 2} On October 21, 2004, defendant was indicted pursuant to a three-count indictment which charged defendant with possession of drugs, drug trafficking with a schoolyard specification and possession of criminal tools. On November 30, 2004, defendant pled no contest as to all charges. The trial court then found defendant guilty of drug possession and drug trafficking with the schoolyard specification but found defendant not guilty of the charge of possession of criminal tools. Herein, the state "appeals the trial court's finding the Defendant not guilty of the charge of Possession of Criminal Tools." State's Brief at 1.
 {¶ 3} The state of Ohio asserts the following error for our review:
 {¶ 4} "The trial court erred in finding Defendant guilty after a plea of no contest."
 {¶ 5} Within this assignment of error, the state relies upon State v.Bird, 81 Ohio St.3d 582, 1998-Ohio-606, 692 N.E.2d 1013, in which the Supreme Court held that according to Crim.R. 11(B)(2), a no contest plea is "not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment * * *." Therefore, where the indictment, information, or complaint contains sufficient allegations to state a felony offense and the defendant pleads no contest, the court must find the defendant guilty of the charged offense.
 {¶ 6} Although State v. Bird, supra, clearly remains the valid law of this state, we are without jurisdiction to review the instant matter.
 {¶ 7} Pursuant to R.C. 2945.67(A):
 {¶ 8} "[The state] may appeal as a matter of right any decision of a trial court in a criminal case * * *, which decision grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, or a motion for the return of seized property or grants post conviction relief pursuant to sections 2953.21 to2953.24 of the Revised Code, and may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case." (Emphasis added).
 {¶ 9} In this matter, the lower court proceedings, state's brief and the assignment of error asserted by the state convince a majority of this court that the state is appealing a final verdict of not guilty and we are therefore without jurisdiction.
 {¶ 10} In State v. Mayfield, Cuyahoga App. No. 81924, 2003-Ohio-2312, the defendant entered a no contest plea to one count of domestic violence in the court of common pleas. The court accepted the plea, heard evidence from both parties, and then acquitted the defendant of the charge. Upon the state's appeal, this court dismissed and held that the appeal was prohibited by R.C. 2945.67 and that we were without jurisdiction. Id., citing In re: Sebastian Lee (2001), 145 Ohio App.3d 167, 169,762 N.E.2d 396. This Court stated:
 {¶ 11} "Here, the trial court accepted the defendant's no contest plea and then found him not guilty of domestic violence. Thus, the trial court reached a final verdict in this case, and the State is statutorily precluded from appealing that verdict. Id. We cannot review an acquittal, even though erroneously based, without putting the defendant in double jeopardy. Id.; see, also, State v. Ginnard (Jan. 23, 1992), Cuyahoga App. No. 61964, 1992 Ohio App. LEXIS 213."
 {¶ 12} In this matter, the state notes that we have jurisdiction to "review the issues of law pertaining to no contest pleas" in accordance with the Supreme Court's holding in State v. Bistricky (1990),51 Ohio St.3d 157, 555 N.E.2d 644, syllabus (a "court of appeals has discretionary authority pursuant to R.C. 2945.67[A] to review substantive law rulings made in a criminal case which result in a judgment of acquittal so long as the judgment itself is not appealed").
 {¶ 13} In this particular matter, however, a majority believes that the final verdict is being appealed, in light of the proceedings below, the state's brief, and assignment of error ("The trial court erred in finding Defendant guilty after a plea of no contest.").
 {¶ 14} Moreover, the state has not followed the procedure outlined inState v. Bistricky, supra. The Court held that in "seeking such appeal by leave of court, the state must follow the procedure outlined in State v.Wallace (1975), 43 Ohio St.2d 1, 330 N.E. 2d 697, and comply with App.R. 5(A)."
 {¶ 15} The provisions then in effect under App.R. 5(A) are now contained in App.R. 5(C) which states:
 {¶ 16} "(C) Motion by prosecution for leave to appeal. — When leave is sought by the prosecution from the court of appeals to appeal a judgment or order of the trial court, a motion for leave to appeal shall be filed with the court of appeals within thirty days from the entry of the judgment and order sought to be appealed and shall set forth the errors that the movant claims occurred in the proceedings of the trial court. The motion shall be accompanied by affidavits, or by the parts of the record upon which the movant relies, to show the probability that the errors claimed did in fact occur, and by a brief or memorandum of law in support of the movant's claims. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App.R. 3 and file a copy of the notice of appeal in the court of appeals. The movant also shall furnish a copy of the motion and a copy of the notice of appeal to the clerk of the court of appeals who shall serve the notice of appeal and a copy of the motion for leave to appeal upon the attorney for the defendant who, within thirty days from the filing of the motion, may file affidavits, parts of the record, and brief or memorandum of law to refute the claims of the movant."
 {¶ 17} Such leave to appeal was not obtained in the required manner in this particular instance.
 {¶ 18} Accordingly, because a final verdict rather than a substantive legal issue is challenged in this matter, we are without jurisdiction and must therefore dismiss this matter.
 {¶ 19} Finally, we note that although erroneous applications of Crim.R. 11(B)(2) are clearly capable of repetition yet can evade review where the appellate court is without jurisdiction, we note a remedy fashioned by Justice Stratton in State v. Mayfield, 102 Ohio St. 3d 1240,2004-Ohio-3440, 811 N.E.2d 81:
 {¶ 20} "The prosecution should have entered an objection and requested that the court reject the no-contest plea and allow the parties to proceed to trial if the defendant denied the very facts of the charge to which he had just pled no contest."
Dismissed.
It is ordered that appellee recover of appellant his costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Rocco, J., concurs.
 DISSENTING OPINION