The STATE of Ohio, Appellant,

v.

BRODIE, Appellee.

[Cite as *State v. Brodie,* 165 Ohio App.3d 668, 2006-Ohio-982.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 21333.

Decided March 3, 2006.

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and Kirsten A. Brandt, Assistant Prosecuting Attorney, for appellant.

Michael R. Pentecost, for appellee.

FAIN, Judge.

{¶ 1} The state has been granted leave to appeal from an adverse ruling of the trial court leading to a judgment acquitting defendant-appellee, Edward Brodie, of murder and convicting him of involuntary manslaughter. The state recognizes that the judgment of the trial court may not be disturbed on appeal, by virtue of the Double Jeopardy Clauses of the United States and Ohio Constitutions, but seeks appellate review of the trial court's legal ruling.

{¶ 2} The state contends that the trial court erred when it construed the felony-murder statute, R.C. 2903.02(B), as requiring a logical impossibility: proof that the defendant caused the death of another as a proximate result of having committed or attempted to commit an offense of violence that is a felony of the first or second degree and proof that the death was not caused as a proximate result of involuntary manslaughter. We agree. Consequently, judgment is rendered for the state upon the issue submitted for review.

I

{¶ 3} Brodie was charged by indictment as follows:

{¶ 4} "THE GRAND JURORS of the County of Montgomery, in the name, and the authority of the State of Ohio, on their oaths do present and find that EDWARD D. BRODIE, on or around the dates of March 25, 2005 through March 27, 2005, in the County of Montgomery, aforesaid, and State of Ohio, did cause the death of another, to-wit: Fitz Melvin Payne, Jr., as a proximate result of the offender's committing or attempting to commit an offense of violence, to-wit: Felonious Assault, a violation of 2903.11(A)(1) of the Ohio Revised Code, a felony of the second degree, and that said offense is not a violation of either Section 2903.03 or 2903.04 of the Revised Code; contrary to the form of the statute (in violation of Section 2903.02(B) of the Ohio Revised Code) in such case made and provided, and against the peace and dignity of the State of Ohio."

{¶ 5} The trial court accepted Brodie's plea of no contest to this indictment, but found Brodie not guilty of murder, but guilty of involuntary manslaughter, and sentenced Brodie accordingly. The trial court based its verdict upon an interpretation of the felony-murder statute, R.C. 2903.02(B), to which the state takes exception.

{¶ 6} The state sought, and we granted, leave to appeal from the trial court's legal ruling, pursuant to R.C. 2945.67(A) and *State v. Bistricky* (1990), 51 Ohio St.3d 157, 160, 555 N.E.2d 644, recognizing that this court is powerless to disturb the judgment of the trial court acquitting Brodie of murder, by virtue of the

Double Jeopardy Clauses of the United States Constitution (Fifth Amendment) and the Ohio Constitution (Section 10, Article I).

## II

{¶ 7} The state's sole assignment of error is as follows:

{¶ 8} "The language in R.C. 2903.02(B) referring to R.C. 2903.04 requires the state to prove only that the first or second degree felony offense of violence alleged as the underlying offense to murder does not constitute involuntary manslaughter. The trial court incorrectly interpreted R.C. 2903.02(B) to require the state to prove that the commission of felony murder did not result in the commission of involuntary manslaughter."

{¶ 9} The trial court explained the legal reasoning for its judgment as follows:

{¶ 10} "Now, the reason for my finding—let me make it clear—is that I don't believe that 29[03.]02, B under which he was charged—under which the defendant was charged—is really a possibility. The statute says specifically that in order to find the defendant guilty of that charge, I must find that he caused the death of another, in this case, to-wit, Fitz Melvin Payne, Jr., as a proximate result of the offender's committing or attempting to commit an offense of violence, to-wit, in this case, a felonious assault, a violation of 2903.11(A)(1) of the Ohio Revised Code which is a felony of the second degree; and that said offense is not a violation of either Section 2903.03 or 2903.04.

{¶ 11} "Although I would find him guilty on the first part of that, the problem is it adds that I must also find he did not violate Section 2903.04 of the Code. I find that he has violated 2903.04 of the Code in committing this offense; and, therefore, I cannot find him guilty of the murder charge as it's defined by the statute.

{¶ 12} "However, I also will find that 2903.04(A) is a lesser included offense than [sic] 2903.02(B) of the Ohio Revised Code. And, therefore, I'm finding the defendant guilty of that lesser included offense of involuntary manslaughter based on my reading of the murder statute, which seems to indicate that he can't be guilty of the lesser included offense if you're guilty of the main offense. It's just incongruous to me. I don't understand it, but that's what it says. And we're stuck with that language and so that's why I made my particular finding.

{¶ 13} "* * *

{¶ 14} "That's correct. Let me read for the record how I'm reading 2903.04(A). This is the involuntary manslaughter statute.

{¶ 15} " 'No person shall cause the death of another or the unlawful termination of another's pregnancy as a proximate result of the offender's committing or attempting to commit a felony.'

{¶ 16} "It's very general, but it says if he's attempting to commit a felony, then he's in violation of this statute. The murder statute [R.C. 2903.02(B) ] says if he's attempting to commit a felony of the first or second degree, an act of violence of the first or second degree, then he's guilty of the murder, provided he didn't violate this particular statute.

{¶ 17} "Well, out of necessity, if you violate that murder statute, you have violated the statute, and it is an element of the offense that you could not have violated the involuntary manslaughter statute as well. I hope that make[s] sense."

{¶ 18} The state contends that the trial court incorrectly interpreted R.C. 2903.02(B), the felony-murder statute, leading to the absurd result that any conduct satisfying the first part of the compound requirement therein—that a death be caused as a proximate result of the offender's committing or attempting to commit an offense of violence constituting a first- or second-degree felony— will necessarily fail to satisfy the second part of the compound requirement—that the offender's conduct shall not violate either R.C. 2903.03 (voluntary manslaughter) or 2903.04 (involuntary manslaughter). R.C. 2903.04(A) is violated whenever a death is caused as a proximate result of the offender's having committed or attempted to commit a felony. Thus, the felony-murder statute, as interpreted by the trial court, is a legal nullity, since no person can ever cause the death of another as a proximate result of committing or attempting to commit an offense of violence constituting a first- or second-degree felony without also causing the death of another as a proximate result of committing or attempting to commit a felony.

{¶ 19} Brodie defends the trial court's ruling by pointing out that a criminal statute must be construed strictly against the state and in favor of the defendant. R.C. 2901.04(A).

{¶ 20} The felony murder statute, R.C. 2903.02(B), provides as follows:

{¶ 21} "No person shall cause the death of another as a proximate result of the offender's committing or attempting to commit an offense of violence that is a felony of the first or second degree and that is not a violation of section 2903.03 or 2903.04 of the Revised Code."

{¶ 22} We agree with the state that this division, as interpreted by the trial court, would constitute a legal nullity, since no one could ever violate its provisions, by definition, as so interpreted. As so interpreted, the statute would be in the form: felony murder requires proof of A and proof of not-B, where B is

logically subsumed in A. Thus proof of A would always prove B, and not-B cannot logically co-exist with B.

{¶ 23} As the defendant notes, R.C. 2901.04(A) requires that statutes defining criminal offenses shall be strictly construed against the state and in favor of the defendant. In our view, this does not require the construction of a statute that leads to an absurd, and therefore obviously unintended, result, if there is a reasonable construction of the statute that does not produce an absurd result. This follows from the general rule of construction set forth in R.C. 1.47(B) and (C):

{¶ 24} "In enacting a statute, it is presumed that: * * * (B) The entire statute is intended to be effective; (C) A just and reasonable result is intended."

{¶ 25} In construing a statute, a court's paramount concern is the legislative intent in enacting the statute. *State v. S.R.* (1992), 63 Ohio St.3d 590, 594, 589 N.E.2d 1319, 1322.

{¶ 26} In our view, the language of R.C. 2903.02(B) does not require the absurd result that renders it a nullity, which the General Assembly must be presumed not to have intended. In our view, there is a reasonable interpretation of R.C. 2903.02(B) that does not lead to this absurd result. Under this construction, the last phrase of the division does not stand alone as a separate requirement, but instead modifies the preceding phrase. Thus, the offense of violence constituting a first- or second-degree felony that is required cannot be satisfied merely by an offense of voluntary manslaughter, which will always be an offense of violence constituting a first-degree felony, or by an offense of Involuntary Manslaughter, which will be an offense-of-violence constituting a first-degree felony if it violates division (A) of R.C. 2903.04. To the contrary, the first- or second-degree felony offense of violence requirement requires, for its satisfaction, some first- or second-degree felony offense of violence other than voluntary manslaughter or involuntary manslaughter.

{¶ 27} To be sure, this construction of R.C. 2903.02(B) would be even more clearly required if the statute, instead of its present wording, were worded as follows:

{¶ 28} "No person shall cause the death of another as a proximate result of the offender's committing or attempting to commit an offense of violence that is a felony of the first or second degree *other than* a violation of section 2903.03 or 2903.04 of the Revised Code."

{¶ 29} Nevertheless, we are satisfied that the alternative construction of R.C. 2903.02(B)—that the state must prove *both* that a death was caused as a proximate result of the offender's committing an offense of violence that is a

felony of the first or second degree *and* that the offense of violence proximately causing death was not a violation of R.C. 2903.03 or 2903.04—is sufficiently contraindicated by virtue of the absurd result to which it leads (the statute, so construed, being a legal nullity, a violation of which can never occur), that it is not a reasonable construction of the statute. That leaves us with only one reasonable construction of R.C. 2903.02(B). If we were left with two or more reasonable constructions of the statute, we would be obliged, by virtue of R.C. 2901.04(A), to adopt the one most favorable to the defendant, but that is not the case here.

{¶ 30} The state's sole assignment of error is sustained.

## III

{¶ 31} The state's sole assignment of error having been sustained, and this being an appeal, pursuant to R.C. 2945.67(A), which does not permit reversal of the underlying judgment acquitting Brodie of murder, judgment is rendered in favor of the state upon the issue raised by the state in this appeal.

Judgment accordingly.

BROGAN and WOLFF, JJ., concur.