JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, state of Ohio, Cleveland Metroparks ("the state"), appeals from the decision of the Rocky River Municipal Court that found the statute under which defendant-appellee, Joseph R. Bouman, was cited, R.C. 4503.21, did not apply to the offense of expired plates. For the reasons stated below, the state's assigned error regarding the application of the law is sustained; however, the judgment of acquittal is affirmed.
 {¶ 2} On February 12, 2006, Bouman was cited in the Cleveland Metroparks with the offense of displaying expired plates. Bouman entered a plea of not guilty, and the matter proceeded to a bench trial. Cleveland Metroparks Ranger Dario Torres testified that he observed a vehicle, driven by Bouman, that had an expired validation sticker. Bouman admitted to the court that he was in fact driving with expired plates. The trial court initially found Bouman guilty. However, shortly thereafter, the trial court went back on the record and stated that it did not believe that the statute under which Bouman was cited, R.C.4503.21, applied to a situation involving expired license plates. As a result, the trial court entered a verdict of not guilty for the charged offense.
 {¶ 3} The state filed a motion for leave to appeal that was granted by this court. The state has raised one assignment of error for our review that provides as follows: *Page 4 
 {¶ 4} "The trial court failed to follow and apply the proper law to the facts, specifically R.C. 4503.21, display of license plates and validation stickers or temporary placard or windshield sticker, under which section the appellee-defendant was charged, for failing to display a current validation sticker on the rear license plate of his motor vehicle."
 {¶ 5} As an initial matter, we note that we have the authority to hear this appeal. We recognize that R.C. 2945.67(A) prohibits the state from appealing as a matter of right an order which is the "final verdict" in the case.[1] State v. Lomax, 96 Ohio St.3d 318, 2002-Ohio-4453. However, "[a] court of appeals has discretionary authority pursuant to R.C. 2945.67(A) to review substantive law rulings made in a criminal case which result in a judgment of acquittal so long as the judgment itself is not appealed." State v. Bistricky (1990), 51 Ohio St.3d 157,555 N.E.2d 644, syllabus. "Although the principles of double jeopardy bar retrial, the state may file an appeal from evidentiary rulings and issues of law which result in a judgment of acquittal." In reBennett (1999), 134 Ohio App.3d 699, 701, citing Bistricky,51 Ohio St.3d at 159-160. When the state seeks to obtain a discretionary review of such a *Page 5 
ruling, the state must follow the proper procedure and comply with App.R. 5(C), which requires the state to obtain leave of court to appeal. See Bistricky, 51 Ohio St.3d at 159; State v. Wallace (1975), 43 Ohio St.2d 1; State v. Gump, Cuyahoga App. No. 85693, 2005-Ohio-5689.
 {¶ 6} In this case, we exercised our discretionary authority and granted the state's motion for leave to appeal. Although the state has no right to appeal the "final verdict," the state has asked us to determine whether the trial court failed to follow and properly apply the law of R.C. 4503.21. Accordingly, the matter is properly before us for review.
 {¶ 7} The issue of law raised by the state is whether a person may be charged with the offense of "expired plates" under R.C. 4503.21. This statute provides in relevant part as follows:
 "No person who is the owner or operator of a motor vehicle shall fail to display in plain view on the front and rear of the motor vehicle the distinctive number and registration mark, including any county identification sticker and any validation sticker issued under section 4503.19 and 4503.191 [4503.19.1] of the Revised Code * * *."
 {¶ 8} The above statute specifically refers to R.C. 4503.19 and R.C.4503.191, which govern the issuance of license plates and validation stickers. R.C. 4503.19 states, in part, that upon the application for registration, the registrar of motor vehicles is to issue a validation sticker to be attached to the license plates. *Page 6 
R.C. 4503.191 states, in part, that an issued license plate is to be accompanied by a validation sticker that is to be attached to the plate and that "[t]he validation sticker shall indicate the expiration of the registration period to which the motor vehicle for which the license plate issued is assigned."
 {¶ 9} The state argues that the above sections must be read in conjunction with one another and establish that R.C. 4503.21 mandates the display of a current validation sticker. In support of its argument, the state cites State v. Keane (Jan. 24, 2000), Stark App. No. 1999CA0182.
 {¶ 10} In Keane, the defendant was convicted of violating R.C. 4503.21
for displaying expired license plates. Id. The defendant argued that the statute, which governs the display of license plates and validation stickers, was not intended to charge the offense of "expired plates." Id. The court found that the statute, when read in conjunction with R.C.4503.19 and 4503.191, revealed the Ohio legislature's intent that the displayed validation sticker be current, not expired. Id. In making this finding, the court recognized that "the validation sticker is an integral part of the license plate and makes the license plate, otherwise a simple piece of metal, valid for its intended purpose. The word `validation' implies that which is in effect. Once a validation sticker expires, the sticker loses its effect and is merely a sticker." Id. Accordingly, the court found that "R.C. 4503.21 mandates the display of a current validation sticker." Id.; see, also, State v. Sands
(Findlay Muni. Ct. 1997), *Page 7 91 Ohio Misc.2d 1, 4 (stating "R.C. 4503.21 clearly prohibits the operation of a vehicle by any person who does not have a current validation and county identification sticker").
 {¶ 11} This court agreed with the reasoning of Keane in State v.Henderson, Cuyahoga App. No. 87312, 2006-Ohio-5242 (addressing an offense for receiving stolen property involving a validation sticker). Moreover, we adopt the reasoning of Keane herein. We find that R.C.4503.21 is to be read in conjunction with the statutes cited therein, and that R.C. 4503.21 mandates the display of a current validation sticker and prohibits the display of an expired validation sticker. We also find that a person may be charged with the offense of expired plates under R.C. 4503.21 for displaying an expired validation sticker.
 {¶ 12} Although we find that the trial court did err in ruling on this issue of law, we believe this error was based not on the trial judge's misunderstanding of a legal principle, but rather on the poor choice of wording in the statute that fosters misapplication. Nevertheless, we sustain the state's sole assignment of error. However, because Bouman cannot be re-tried for the offense because of the principles of double jeopardy, we must affirm his acquittal. See Bennett,134 Ohio App.3d at 702 (finding merit in the state's sole assignment of error, but affirming the defendant's acquittal).
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 8 
It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MELODY J. STEWART, J., CONCURS; ANN DYKE, J., CONCURS IN JUDGMENT ONLY
[1] R.C. 2945.67(A), which governs appeals by the state in criminal cases, provides the following:
"A prosecuting attorney * * * may appeal as a matter of right any decision of a trial court in a criminal case * * * which decision grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, or a motion for the return of seized property or grants post conviction relief * * * and may appealby leave of the court to which the appeal is taken any other decision,except the final verdict, of the trial court in a criminal case * * *." (Emphasis added.) *Page 1