JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, State of Ohio ("State"), appeals the trial court's decision to grant the Crim.R. 29 motion for acquittal filed by defendant-appellee, Guy Selinka ("Selinka"). For the following reasons, we dismiss the appeal.
 {¶ 2} In 2005, Selinka was charged with four counts of gross sexual imposition with sexually violent predator specifications attached to each count, and *Page 3 
two counts of kidnapping with sexual motivation specifications attached to those counts. Selinka moved to bifurcate the sexually violent predator specifications from the underlying charges, and also waived a jury as to those specifications.[1] The matter proceeded to a jury trial, and the jury convicted Selinka of all counts, including the sexual motivation specifications.
 {¶ 3} The trial court set the matter for a bench trial on the sexually violent predator specifications. On the same day as the bench trial, Selinka filed a written motion for acquittal pursuant to Crim.R. 29.[2] In his motion, Selinka argued that his prior conviction for a sexual offense could not be used to support the specification. The docket reflects that the trial court proceeded to trial and, at the close of the State's case, continued the trial to give the State time to respond to Selinka's motion. The State filed its opposition to the motion for acquittal, arguing that Selinka's prior conviction for a sexual offense could be used to support the current specification because the applicable statute had been amended.
 {¶ 4} A few weeks later, and on the record, the trial court granted Selinka's motion for acquittal. The State is now appealing that decision.[3] *Page 4 
 {¶ 5} In its sole assignment of error, the State argues that "the trial court may utilize the underlying conviction in support of a sexually violent predator specification, pursuant to the amendment of R.C. 2971.01(H)(1)."
 {¶ 6} R.C. 2945.67 provides, in pertinent part:
 "A prosecuting attorney * * * may appeal as a matter of right any decision of a trial court in a criminal case, * * * which decision grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, or a motion for the return of seized property or grants post conviction relief pursuant to sections 2953.21 to 2953.24 of the Revised Code, and may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case or of the juvenile court in a delinquency case."
 {¶ 7} In State ex rel. Yates v. Court of Appeals for MontgomeryCty. (1987), 32 Ohio St. 3d 30, 512 N.E. 2d 343, the Ohio Supreme Court held that "[a] judgment of acquittal by the trial judge, based upon Crim. R. 29(C), is a final verdict within the meaning of R.C. 2945.67(A) and is not appealable by the state as a matter of right or by leave to appeal pursuant to that statute." Id. at syllabus; see, also, State v.Keeton (1985), 18 Ohio St.3d 379, 381, 481 N.E.2d 629.
 {¶ 8} The Ohio Supreme Court has further found that, although the State may not appeal a final verdict, "a court of appeals has discretionary authority pursuant to R.C. 2945.67(A) to decide whether to review substantive law rulings made in a criminal case which results in a judgment of acquittal so long as the verdict itself is not appealed."State v. Bistricky (1990), 51 Ohio St.3d 157, 555 N.E.2d 644. In *Page 5 
other words, an appellate court may review legal conclusions of the trial court in a given case, even if the defendant in that case was eventually acquitted.
 {¶ 9} If the State seeks to obtain a discretionary review of a ruling of substantive law, the State must follow the proper procedure and comply with App.R. 5(C), which requires the state to obtain leave of court to appeal. Id. at 159; State v. Gump, Cuyahoga App. No. 85693,2005-Ohio-5689. For example, in State v. Bouman, Cuyahoga App. No. 88021, 2007-Ohio-824, we granted the State's motion for leave to appeal and reviewed whether a trial court failed to follow and properly apply the law set forth in R.C. 4503.21. See, also, State v. Brodie,165 Ohio App.3d 668, 2006-Ohio-982, 847 N.E.2d 1268 (reviewing court granted State leave to appeal and reviewed trial court's interpretation of the felony murder statute).
 {¶ 10} In the instant case, we note that the trial court based its decision on an interpretation of R.C. 2971.01(H)(1). In pertinent part, the trial court found:
 "* * * I'm going to grant the motion to dismiss, or acquittal, on the basis that the charge in the indictment cannot support the sexual predator specification, and the predator specification cannot be based on a prior sexually violent offense, occurring prior to January of 1997."
 {¶ 11} Here, unlike in Bouman and Brodie, the State did not seek leave to appeal the lower court's ruling on the substantive law. Instead, the State filed a direct appeal of the trial court's ruling on the motion for acquittal, which was the trial court's final verdict.
 {¶ 12} "Because R.C. 2945.67 creates an exception to the general rule against the state taking an appeal as of right in a criminal case, we believe the statute must *Page 6 
be strictly construed and any appeal taken by the state as of right strictly comply with the terms of the statute." State v. Rivers, Cuyahoga App. No. 86663, 2006-Ohio-3949, quoting State v. Sanders (Nov. 30, 1994), Miami App. No. 94-CA-48.
 {¶ 13} Therefore, we find that the State's appeal is statutorily barred. We are without jurisdiction to hear this appeal.
Accordingly, appeal dismissed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Any bail pending appeal is terminated.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, P.J., and MARY EILEEN KILBANE, J., CONCUR.
[1] See R.C. 2971.02.
[2] Although the State's brief cites portions of the record of the bench trial, we note that the State has not provided us with a transcript for our review. See App.R. 5(C).
[3] The trial court sentenced Selinka to four years in prison. Selinka's appeal is pending before this court in State v. Selinka, Cuyahoga App. No. 89248. *Page 1