{¶ 4} I respectfully dissent from the Majority Opinion's conclusion to dismiss this appeal. The Ohio Supreme Court in State v. Arnett[1] andState v. Bistricky[2] has made it clear that although the State may not appeal a final verdict, this court has the discretionary authority to review under R.C. 2945.67(A) a trial court's substantive law rulings made in a criminal case, which resulted in a judgment of acquittal, so long as the verdict itself is not appealed.[3] In requesting such review, the State must comply with App. R. 5(A).[4] *Page 5 
 {¶ 5} Consequently, I note that this court has not been asked to advise the State; rather, it has been asked to review an allegedly erroneous legal conclusion reached by the trial court regarding the expert report requirements under Loc. R. 21.[5]
 {¶ 6} I understand the Majority Opinion's concern that this appeal "looks like and smells like" a request for an advisory opinion; however,State v. Bistricky concludes that the issue raised in this appeal is justiciable and rules in favor of the need to resolve issues that might otherwise go unresolved.
 {¶ 7} Finally, I believe that this court may very well have erred when it required the State to serve the defendant's attorney in the underlying case. In the Bistricky appeal, no opposing counsel appeared or responded; the appellate court noted this fact implying that one is not necessary. The Court held that the possibility of the perpetuation of an erroneous and prejudicial interpretation of the law by the lower court was sufficient to create a justiciable issue.
 {¶ 8} I am aware that Bistricky involved an issue of mootness, but I am convinced that Bistricky also applies to the advisory opinion preclusion. It is the issue that is justiciable, not the existence of a party defendant. Nevertheless, the advisory opinion preclusion issue makes this an interesting concern for the appellate courts to address.
 {¶ 9} I would grant the State's leave to appeal, and review the substantive law issue raised. Although the public defender was allowed to argue in this case, it is not mandated.
[1] (1986), 22 Ohio St.3d 186.
[2] (1990), 51 Ohio St.3d 157.
[3] See State v. Brodie, 165 Ohio App.3d 668, 2006-Ohio-982, where the court granted the State leave to appeal and reviewed the trial court's interpretation of the felony murder statute, although the defendant had been acquitted.
[4] State v. Bistricky, supra.
[5] State v. Brodie, supra. *Page 1